UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GUSTAVO ERICK PEREZ
DELGADO,

      Petitioner,

    v.                                                    Case No.:  2:26-cv-01441-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et
al*,

      Respondents,

                              /

## OPINION AND ORDER

Before the Court are petitioner Gustavo Erick Perez Delgado's Petition

for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Perez Delgado is a native of Cuba who entered the United States on

October 12, 2000, and was later paroled.  An immigration judge ordered him

removed on December 18, 2002.  On December 17, 2025, local law enforcement

arrested Perez Delgado for burglary and grand theft.  The Record of

Deportable/Inadmissible Alien prepared by a deportation officer indicates he

has an extensive criminal history, but the record does not list any specific prior

arrests or convictions.  Immigration and Customs Enforcement ("ICE") issued

an immigration detainer on December 18, 2025, and took custody of Perez

Delgado on January 16, 2026.  The next day, ICE notified Perez Delgado it revoked his release because it was appropriate to enforce his removal order.

ICE initially detained Perez Delgado at Alligator Alcatraz.  On February 9, 2026, ICE took a bus of noncitizens to the Texas-Mexico border and told them to depart into Mexico.  Some of the noncitizens, including Perez Delgado, remained seated.  Perez Delgado is currently detained at Jackson Parish Correctional Center.  He argues his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).  The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.*  Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. 678, 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for

the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Perez Delgado's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Perez Delgado

carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2002, and there is no agreement between the U.S. and Cuba to pave the way for his repatriation.

The burden thus shifts to the government. ICE points to its February 9, 2026 attempt to send Perez Delgado to Mexico. But the evidence before the Court suggests that was an informal effort to compel voluntary departure, not an above-board removal attempt that complied with statutory and constitutional requirements. *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, --- F. Supp. 3d ---, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture). ICE makes no attempt to show it has a plan in place to lawfully remove Perez Delgado.

The Court finds no significant likelihood Perez Delgado will be removed in the reasonably foreseeable future. However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for

immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* Given Perez Delgado's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Gustavo Erick Perez Delgado's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Perez Delgado poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Perez Delgado may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on May 18, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record